SUPREME COURT.

OTIS BOYDEN & LORENZO BOYDEN agt. BRADSTREET D. JOHNSON.

HIRAM FINCH agt. THE SAME.

A *judgment on confession*, which stated the indebtedness to be "for goods sold and delivered, and upon an accounting had on the day when the confession was made," *held*, entirely *insufficient*.

Such an averment is, of a *conclusion*—not of the facts that led to it.

The Code does not warrant an *inferential* statement; its object is to prevent fraud to the prejudice of *bona fide* creditors. It therefore requires a statement which may be controverted if untrue.

It directs that if the judgment is to be entered for money due, or to become due, there must be a statement of the facts out of which the indebtedness arose.

Otis and Lorenzo Boyden agt. Johnson, &c.

(*The opinion of Mr. Justice* T. R. STRONG *in Schoolcraft* agt. *Thompson* 7 *How. Pr. R.* 446, *which is substantially sustained by the decision in Chappel* agt. *Chappel,* 2 *Kernan,* 215, *concurred in.*)

If a judgment by confession can be allowed to cover any *future indebtedness,* it should be particularly specified, and it should be called for by some *existing liability.*

Where the statement in a judgment of confession is clearly insufficient, the judgment should not be amended so as to allow its *lien* or *priority* to stand, because it may appear to the court that the debt for which the judgment was entered was really due, and originated out of a *bona fide* transaction, and that the form of the confession was a misapprehension of the practice. That would give vitality to an act before it had a valid conception.

*Brooklyn Special Term, Nov.* 1855.

MOTION to set aside judgment on confession and execution in the first above entitled cause.

J. M. VAN COTT, *for motion.*

S. D. LEWIS, *opposed.*

S. B. STRONG, Justice. There is not a sufficient statement of the facts out of which the debt arose, to warrant the judgment by confession in the action first above entitled. The allegation of existing indebtedness is, that it is for goods sold and delivered, and upon an accounting had on the day when the confession was made. The averment is, of a conclusion, not of the facts that led to it.

It is not stated what goods were sold, when the sale was made, nor what amount was due for the goods; nor is it directly averred what the accounting was for, nor how much was due upon that. Possibly it might be inferred that the account was taken for the goods; but the Code (§ 383) does not warrant an inferential statement. The object of the statutory requisition was to prevent fraud to the prejudice of *bona fide* creditors. It therefore required a statement, which could probably be controverted if untrue.

It would be difficult to controvert an allegation of indebtedness for goods sold and delivered generally. A negative, extending over an indefinite period, having reference to the trans-

actions of third parties, and comprehending anything which might be the subject of traffic, could seldom if ever be proved. Where in an allegation of the sale of goods, there is a specification of the property, of the price, and of the time of sale; these are particulars which may aid inquiry, and lead to detection. Not to a certainty, because that is unattainable in human affairs, but with reasonable probability. Besides, a requisition of particularity is often a preventive against perjury, from this greater probability of detection.

The object of the framers of a statute is the best key to its construction, where the language is at all indefinite. The Code did not consider the general allegation of indebtedness as an assertion of a fact within the provision to which I have alluded, because it directs, that if the judgment is to be entered for money due, or to become due, there must be a statement of the facts out of which the indebtedness arose. In the case under consideration, there is no averment of any such fact; there is nothing beyond the general allegation of indebtedness and its nature.

The decisions in this court upon this subject have been conflicting; but I concur with my namesake in the opinion given by him in *Schoolcraft* agt. *Thompson*, (7 *How. Pr. R.* 446,) as the better exposition of the statute. He referred to the decision of the late supreme court in *Lawless* agt. *Hackett*, (16 *Johnson*, 149,) requiring a statement as special and precise as in a bill of particulars, in judgments by confession, under the act of 21st of April, 1818, (*ch.* 259, § 8,) as applicable to the provision in the Code. The court, at general term in his district, differed from him; but he was sustained by the court of appeals in *Chappel* agt. *Chappel*, (2 *Kernan*, 215.) In that case Judge GARDINER said, that the reasoning of the court in *Lawless* agt. *Hackett*, as to the object and effect of the act of April 21, 1818, is applicable to the provision of the Code in question. The statement in that case of *Chappel* agt. *Chappel* did not go so far as in this, and the decision may not absolutely control the motion now before me. But the reasoning is applicable; and as it fully coincides with my own impressions, I shall adopt it.

I do not concur with Judge DEAN in the opinion expressed by him in the case in *Kerner*, that this court, if satisfied that the debt for which the judgment was entered up was really due, and originated out of a *bona fide* transaction, and that the form of the confession was defective, on account of a misapprehension of the practice, and the requirements of the statute, may permit an amendment, thus preserving its lien, or *priority*. That is not warranted by any decision which I have seen, nor would it be proper to give vitality to an act before it had a valid conception. The supreme court, in allowing an amendment in *Lawless* agt. *Hackett*, expressly directed that it should not interfere with the rights of any other judgment creditors, which might in the meantime have attached. As there may be reasons for allowing the judgment in question to be amended on terms, I shall not vacate it absolutely.

The statement in question, so far as it relates to future sales, is objectionable, not only on account of its indefiniteness, but as no fact is stated showing any obligations to sell any goods at any future period. If a judgment by confession can be allowed to cover any future indebtedness, it should be particularly specified, and it should be called for by some existing liability. The Code is explicit, that when the object is to secure the plaintiff against a contingent liability, there must be a statement of the facts constituting the liability. It is equally necessary for the plaintiff to state the facts rendering it incumbent upon him to make future advances.

The judgment in the first-mentioned suit, and the execution thereon, must be set aside as against the subsequent judgment recovered by the plaintiff in the second suit.

No costs are awarded.